UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERNESTO REYNA,

        Petitioner,

v.                                              CASE NO.:   5:24-cv-403-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____/

## OPINION AND ORDER

      Pending before the Court is Petitioner Ernesto Reyna's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. 1).  Petitioner alleges the Federal Bureau of Prisons ("BOP") has incorrectly determined he is ineligible to receive the benefits of earned time credits under the First Step Act ("FSA").  (Doc. 1 at 6).  In its response, Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies or, alternatively, be denied because Petitioner is subject to a final order of removal that makes him ineligible to apply FSA time credits towards reducing his sentence.  (Doc. 7).  Petitioner was afforded an opportunity to reply, (Doc. 5 at 3), but failed to do so.  The matter is ripe for review.

### BACKGROUND

      Petitioner pleaded guilty to possession with intent to distribute a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a 32-month term of imprisonment.  United States v. Reyna, No. 1:23-

cr-20224, Docs. 16, 18, 25 (S.D. Fla.). With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on April 12, 2026. See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Oct. 8, 2025).

Petitioner claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA. Specifically, he claims he is a non-deportable Cuban national and has not been served with an immigration detainer. Respondent contends that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. (Doc. 7 at 2–7). Alternatively, Respondent contends the petition should be denied because Petitioner is not eligible for credits under the FSA due to his being subject to a final order of removal. (Id. at 7–9). Respondent has attached a copy of the detainer referencing Petitioner's final order of removal, dated January 8, 2024, and a certification of records from a BOP employee. (Docs. 7-1 at 2–4, 12; 7-3 at 2).

## ANALYSIS

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. The Court has determined that skipping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. See id.

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risks and needs of prisoners. See 18 U.S.C. § 3632(a). Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. See 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, a prisoner who is "the subject of a final order of removal under any provision of the immigration laws" is ineligible to apply time credits. 18 U.S.C. § 3632(d)(4)(E)(i). In addition, BOP regulations provide that "any inmate eligible to earn FSA [t]ime [c]redits" who is "[s]ubject to a final order of removal under immigration laws" of the United States "may not apply FSA [t]ime [c]redits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Here, Petitioner is subject to a final order of removal. (Doc. 7-1 at 12–13). The final order of removal renders Petitioner ineligible to apply FSA credits to his sentence. Although Petitioner states that he is a non-deportable Cuban national who has not been served with an immigration detainer and is protected from removal by statute (Doc. 1 at 6), the court credits the order of removal filed by Respondent (Doc. 7-1 at 12–13), which Petitioner did not dispute.

Because Petitioner is ineligible for earned time credits due to his final order of removal, the Petition is denied.[1]

## CONCLUSION

Based on the foregoing, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 15th day of October 2025.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:  OCAP-2
Copies: All Parties of Record

---

[1] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. Schriro v. Landrigan, 550 U.S. 465 (2007). Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474.